**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

JAMAAL WRIGHT,                             )
                                          )
      Plaintiff,                       )
                                          )
v.                                        )     Civil Action No. 4:22-cv-00119-WTM-CLR
                                          )
KORBIN TIPPETT;                           )
MARQUETTE SISTRUNK; and                   )
GEORGIA DEPARTMENT OF                      )     **JURY TRIAL DEMANDED**
CORRECTIONS,                              )
                                          )
      Defendants.                      )

---

## AMENDED COMPLAINT

    COMES NOW Jamaal Wright, Plaintiff in the above-styled matter, and files this

Amended Complaint against the above-named Defendants, as follows:

### I.    PARTIES, JURISDICTION & VENUE

1.    Plaintiff is a citizen and resident of Georgia.

2.    On information and belief, Defendant KORBIN TIPPETT is a citizen and resident of

    Toombs County, Georgia.

3.    On information and belief, Defendant KORBIN TIPPETT may be served with process at

    242 N. State Street, Lyons, Georgia 30436.

4.    On information and belief, Defendant MARQUETTE SISTRUNK is a citizen and

    resident of Liberty County, Georgia.

5.    On information and belief, Defendant MARQUETTE SISTRUNK may be served with

    process at 571 Curtis Road, Hinesville, Georgia 31313.

1

6.     Defendants KORBIN TIPPETT and MARQUETTE SISTRUNK are both sued in their

individual capacities.

7.     Defendant GEORGIA DEPARTMENT OF CORRECTIONS (hereinafter "GDOC") is an

agency of the State of Georgia, organized and existing under the laws of the State of

Georgia.

8.     GDOC may be served with process through its Commissioner, Timothy C. Ward, at 7

Martin Luther King, Jr. Drive SW, Suite 543, Atlanta, Georgia 30334.

9.     Process shall also be served on Wade Damron, the Director of Risk Management Services

for the Department of Administrative Services ("DOAS"), at 200 Piedmont Avenue SE,

Suite 1220, West Tower, Atlanta, Georgia 30334.

10.    The Risk Management Division of DOAS and Defendant GDOC received appropriate

notice of Plaintiff's claims in accordance with O.C.G.A. § 50-21-26. A copy of this notice

and the return receipts are attached hereto as Exhibit A.

11.    In compliance with O.C.G.A. § 50-21-35, attached hereto as Exhibit B is a certificate

confirming that a copy of this Complaint, showing the date of filing, shall be mailed to

the Attorney General of the State of Georgia at his usual office address, by certified mail

or statutory overnight delivery, return receipt requested.

12.    Jurisdiction and venue are proper in this Court.

## II.    FACTUAL ALLEGATIONS

13.    Jamaal Wright was an inmate at Georgia Sate Prison in Reidsville, Georgia, at all times

relevant to this Complaint.

14.     On the morning of January 29, 2021, Plaintiff was in a cell with his cellmate, Mr. Heard, who is transgender.

15.     On that morning, a correctional officer came to their cell and told Mr. Heard that he was removing him from that cell and taking him somewhere else, but would not tell Mr. Wright or Mr. Heard where he was taking him or why.

16.     Mr. Heard was afraid to go with the officer alone because that officer, as well as other correctional officers, had engaged in improper, discriminatory behavior toward Mr. Heard due to his gender identity. Accordingly, Mr. Heard expressed that he wanted Mr. Wright to come with him.

17.     Then, several members of the Correctional Emergency Response Team (CERT) came to the cell of Mr. Wright and Mr. Heard.

18.     These officers included Korbin Tippett, Danny Standard, and Marquette Sistrunk.

19.     Without any provocation, Officers Tippett and Sistrunk began physically assaulting Mr. Wright.

20.     First, Defendant Sistrunk punched Mr. Wright in the face.

21.     Defendant Tippett pulled out his baton and began swinging it at Mr. Wright.

22.     Tippett also sprayed a large amount of mace, pepper spray, or some other chemical agent in Mr. Wright's face and eyes.

23.     Sistrunk and Tippett repeatedly kicked Mr. Wright while he was on the ground.

24.     Mr. Wright did not resist or fight back at any point.

25.     Mr. Wright did not have a weapon.

26.      The Defendant officers' beating of Mr. Wright left him bleeding and seriously injured.

3

27.   When the officers removed Mr. Wright from his cell after the beating, he was barely able to walk.

28.   Mr. Wright's nose was bleeding from being struck in the face.

29.   Mr. Wright's face was extremely painful and swollen for weeks following the beating.

30.   Mr. Wright also suffered an injury to his hand during the beating because when he was on the ground and the officers were kicking him, Mr. Wright tried to protect his face with his hand. Mr. Wright's hand is still swollen to this day.

31.   Mr. Wright did not receive proper medical treatment for his injuries, despite his repeated pleas for medical care.

32.   Right after the beating, the officers placed Mr. Wright and Mr. Heard in a holding cell, where they remained overnight. This cell did not have a toilet or running water.

33.   During his time in this cell, Mr. Wright was not given any food, water, or medical care, nor was he allowed out to use the toilet.

34.   The next day, Mr. Wright was placed in a "suicide unit" for 10 days, even though he was not suicidal.

35.   On information and belief, the officers placed Mr. Wright in this unit to prevent him from filing a grievance about the beating.

36.   On information and belief, prisoners in the suicide unit are not able to file grievances, and grievances generally must be submitted within 10 days of the subject incident in order to be considered.

37.    When Mr. Wright got out of the suicide unit, he tried to file a grievance with the first Counselor(s) he saw, but the Counselor(s) refused to accept the grievance. (Eventually, Mr. Wright was able to file a grievance with a different Counselor).

38.    After 10 days in the suicide unit, Mr. Wright was placed in a "special management unit," also known as Tier II, with Mr. Heard as his cell mate again.

39.    On information and belief, in this unit, policy requires that prisoners in Tier II be allowed at least five (5) hours of exercise outside their cell each week.

40.    However, Mr. Wright was usually confined to his cell 24 hours per day, seven days a week.

41.    Mr. Wright was kept in Tier II for approximately two months.

42.    During that time, Mr. Wright and Mr. Heard were repeatedly threatened by correctional officers, including those who had abused them.

43.    Mr. Wright and Mr. Heard have also been repeatedly sexually harassed by officers based on their close relationship and the fact that Mr. Heard is transgender.

44.    The abuse, harassment, and maltreatment Mr. Wright has endured was at least partly motivated by discrimination, including transphobia and homophobia.

45.    Defendants' harassment and maltreatment of Mr. Wright since the incident was also motivated by retaliation for filing grievances against them.

46.    These incidents have caused Mr. Wright mental and physical pain and suffering.

47.    Mr. Wright will continue to endure mental and physical pain and suffering due to the Defendants' wrongful conduct.

48.   Korbin Tippett and Marquette Sistrunk have been dismissed from their employment with GDOC and charged with aggravated battery and violation of oath of office for the beating another inmate in February 2021.

49.   On information and belief, Defendants' treatment of Plaintiff violated multiple Georgia Department of Corrections policies and procedures, including those governing use of force, grievance procedure, administrative segregation, offender discipline, health services and employee standards of conduct. Many of these policies are mandatory.

### III.   CAUSES OF ACTION

### COUNT I
**Excessive Force in Violation of the Eighth Amendment
to the United States Constitution – 42 U.S.C. § 1983**
*Against Defendants Tippett and Sistrunk*

50.   Plaintiff incorporates by reference Paragraphs 13 to 49 as if fully set forth herein.

51.   Defendants violated Plaintiff's constitutional right to be free from cruel and unusual punishment when they hit him, kicked him, and sprayed a chemical agent in his face and eyes, leaving him bloodied and injured.

52.   Defendants' use of force on Plaintiff was unreasonable under the circumstances.

53.   Defendants acted maliciously and sadistically for the purpose of injuring Plaintiff.

54.   The beating was not a good-faith effort to restore discipline, but was rather an unnecessary and wanton infliction of pain.

55.   Defendants were, at all relevant times, employed by the State of Georgia and acted under color of state law to deprive Plaintiff of his constitutionally protected right to be free of

cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States

Constitution, made applicable to the states through the Fourteenth Amendment.

56.    As a direct and proximate result of the Defendants' excessive force, Plaintiff suffered

physical injuries and emotional distress.

## **<u>COUNT II</u>**
### **Deliberate Indifference to Plaintiff's Serious Medical Needs in Violation of the Eighth Amendment to the United States Constitution – 42 U.S.C. § 1983**
### ***Against Defendants Tippett and Sistrunk***

57.    Plaintiff incorporates by reference Paragraphs 13 to 49 as if fully set forth herein

58.    Defendants violated Plaintiff's constitutional right to be free from cruel and unusual

punishment when they denied him medical treatment for the injuries they inflicted upon

him.

59.    The Defendant officers' beating of Plaintiff left him bleeding and seriously injured.

60.    When the officers removed Plaintiff from his cell after the beating, he was barely able to

walk.

61.    Plaintiff did not receive medical treatment for his injuries, despite his repeated pleas for

medical care.

62.    Plaintiff's face was extremely painful and swollen for weeks following the beating.

63.    Plaintiff also suffered an injury to his hand as a result of the officers kicking it when he

was on the ground. His hand was likely broken or fractured. It is still injured to this day.

64.    Defendants knew of Plaintiff's serious medical needs, but disregarded them.

65.    Defendants exhibited deliberate indifference by denying Plaintiff medical treatment for

his injuries.

66.     Defendants also exhibited deliberate indifference by not permitting Plaintiff to wash off
        his face the chemical agent they had deployed.

67.     Defendants' failure to seek medical treatment for Plaintiff's injuries constitutes a
        violation of Plaintiff's Eighth Amendment rights.

68.     Defendants' failure to provide treatment for Plaintiff's physical injuries was not based on
        legitimate differences in medical opinion but rather constituted deliberate indifference
        and conscious disregard for Plaintiff's serious medical needs.

69.     Defendants were, at all relevant times, employed by the State of Georgia and acted under
        color of state law to deprive Plaintiff of his constitutionally protected right to be free of
        cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States
        Constitution.

70.     As a direct and proximate result of this deliberate indifference to Plaintiff's serious
        medical needs, Plaintiff experienced physical and mental suffering, and extended
        impairment of his hand.

### <u>COUNT III</u>
### Respondeat Superior Liability - State Law
### *Against the Georgia Department of Corrections*

71.     Plaintiff incorporates by reference Paragraphs 13 to 49 as if fully set forth herein.

72.     The Georgia Tort Claims Act provides that, subject to certain exceptions not applicable
        here, the State "waives its sovereign immunity for the torts of state officers and
        employees while acting within the scope of their official duties or employment and shall
        be liable for such torts in the same manner as a private individual or entity would be
        liable under like circumstances." O.C.G.A. § 50-21-23(a).

8

73.   Defendants Tippett and Sistrunk negligently denied Jamaal Wright adequate medical care for his injuries.

74.   As a direct and proximate result of this denial of adequate medical care, Plaintiff experienced prolonged physical and mental pain and suffering, including the extended impairment of his hand.

75.   At all times relevant herein, Defendants Tippett and Sistrunk were employees of the Georgia Department of Corrections ("GDOC").

76.   At all times relevant herein, Defendants Tippett and Sistrunk were acting within the course and scope of their employment with GDOC.

77.   As such, GDOC is vicariously liable for their wrongful acts and omissions.

## COUNT IV
### Attorney's Fees

78.   Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

79.   Plaintiff is entitled to reasonable attorney's fees and costs of litigation pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff prays for the following relief:

(A)   That summons and process issue and be served upon each Defendant;

(B)   That he be awarded an appropriate sum to compensate him for the injuries and damages sustained as a result of Defendants' wrongful acts;

(C)    For a trial by jury comprised of twelve persons;

(D)   That he be awarded attorney's fees and litigation costs; and

9

(E)    For such other and further relief as this Court deems just and proper.

This 10th day of May, 2022.

> */s/ Brent J. Savage, Jr.*
> Brent J. Savage, Jr.
> Georgia Bar No. 940349
> Elizabeth McKee
> Georgia Bar No. 124840

SAVAGE, TURNER, PINCKNEY & SAVAGE
102 E. Liberty Street, 8th Floor
Savannah, GA 31412
(912) 231-1140
brentsavagejr@savagelawfirm.net
lmckee@savagelawfirm.net

> */s/ David M. Burns, Jr.*
> David M. Burns, Jr.
> Georgia Bar No. 096364

THE LAW OFFICE OF DAVID M. BURNS, JR., P.C.
102 E. Liberty Street, 8th floor
Savannah, Georgia 31401
T: (912) 233-2570
attorneydavidburns@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this da served all parties with the foregoing via statutory

electronic service upon their counsel(s) of record, properly addressed as follows:

Christopher M. Carr                    Kathleen M. Pacious
Attorney General                       Deputy Attorney General


Susan E. Teaster                       Rodney Atreopersaud
Senior Assistant Attorney General      Assistant Attorney General
                                       Ratreopersaud@law.ga.gov

Department of Law, State of Georgia
40 Capital Square, S.W.
Atlanta, GA 30334-1300


This 10th day of May, 2022.


/s/ Brent J. Savage, Jr.
Brent J. Savage, Jr.
Georgia Bar No.  940349


SAVAGE, TURNER, PINCKNEY, SAVAGE & SPROUSE
102 East Liberty Street, 8th Floor
Savannah, GA 31401
T: (912) 231-1140
F: (912) 231-9157
brentsavagejr@savagelawfirm.net