UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMAAL WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-119 |
| | ) | |
| KORBIN TIPPETT, | ) | |
| MARQUETTE SISTRUNK, and | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jamaal Wright's Second Amended Complaint asserts constitutional violations under 42 U.S.C. § 1983 against Defendants Korbin Tippett and Marquette Sistrunk and a state law *respondeat superior* claim against Defendant the Georgia Department of Corrections ("GDC"). *See generally* doc. 24. The GDC has moved to dismiss the claim against it. *See generally* doc. 31. That motion is pending before the District Judge. *See id.* The GDC has also moved to stay discovery pending the resolution of its motion to dismiss. Doc. 55. Defendants Tippett and Sistrunk adopt and consent to the relief sought in the GDC's

motion. Doc. 56. Plaintiff opposes the requested discovery stay. Doc. 57. For the following reasons, the motion to stay is **DENIED**. Doc. 55.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be

Case 4:22-cv-00119-WTM-CLR   Document 58   Filed 03/08/23   Page 3 of 5

granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n. 2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. Finally, the party seeking a stay of discovery bears the burden of establishing "good cause and reasonableness" for a stay. *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014).

The GDC argues that a stay is warranted to "relieve Defendant from having to exert additional resources pending a ruling" on its motion to dismiss, since that motion "seeks disposition of Plaintiff's claims." Doc. 55 at 3. Since the motion to dismiss raises an immunity argument, it suggests "staying discovery will protect the parties from the burden of conducting unnecessary and expensive discovery on unviable claims." *Id.* However, as Plaintiff points out, disposition of the motion to dismiss will not dispose of the entire case, only possibly dispose of the claim against the GDC. *See generally* doc. 31; *see also CSX Transp., Inc.*, 2014 WL 11429178, at *1 (citing *Feldman*, 176 F.R.D. at 652) ("[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless

3

resolution of the motion will dispose of the *entire case.*" (emphasis added)). No matter how meritorious, the motion to dismiss is not "truly case dispositive." *Sams*, 2016 WL 3339764 at *6.

Although this Court "has, on occasion, permitted stays when success on a dispositive motion might narrow the scope of discovery", *Jones v. Thrive Senior Living, LLC*, 2021 WL 620964, at *1 (S.D. Ga. Feb. 17, 2021)), discovery will not be "a mere futile exercise" because Plaintiff's allegations are based on the same underlying incident—an alleged excessive use of force by then GDC employees Tippett and Sistrunk and a subsequent alleged intentional deprivation of necessary medical care.[1] *See Arenas v. Georgia Dept. of Corrs.*, 2017 WL 1754770, at *3 (S.D. Ga. May 3, 2017). Plaintiff explains he "will seek much of the same discovery he seeks now," even if the GDC's motion to dismiss is granted, and therefore the GDC will still be subjected to the same discovery costs. Doc. 57 at 2. Plaintiff also argues a stay will prejudice him, and perhaps the other parties, because "[a]s time drifts on, memories fade and evidence is

---

[1] Specifically, Plaintiff alleges that Defendants Tippett and Sistrunk, members of the prison's "Correctional Emergency Response Team," physically assaulted him, an inmate, leaving him "bleeding and seriously injured," then placed him in a holding cell overnight without access to a toilet, running water, food, or medical care. *See* doc. 24 at 3-4.

4

lost." Doc. 57 at 3.  GDC did not reply to refute Plaintiff's arguments. *See generally* docket.  On balance, a stay is inappropriate.

The GDC has not met its burden of showing good cause for a stay. The motion to stay is, therefore, **DENIED**.  Doc. 55.

**SO ORDERED**, this 8th day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA